**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DWIGHT ROSS, a/k/a GADAR PERETS
YISRAEL; KENOCER DAVIS, a/k/a
OBADIAH YISRAEL; and JAMES CLARK,
a/k/a NAHUM YISRAEL,

    Plaintiffs,

-vs-                                                      Case No.  8:05-CV-743-T-30TGW

DAVID GEE, Sheriff, HCSO.; JAN BATES,
Inmates Programs, HCSO; ART CARTER,
Chaplain, HCSO, P. LeCLERC, Chaplain,
HCSO,

    Defendants.
_____/

## ORDER

       Plaintiffs initiated this cause of action by filing a complaint alleging violations of their civil rights under 42 U.S.C. § 1983 (Dkt. 1).  The incidents about which the Plaintiffs complain occurred during their incarceration in Pod 2-A, Orient Road Detention Center, Hillsborough County Jail ("HCJ"), Tampa, Florida (Dkt. 1 at 8). Each Plaintiff has submitted an Affidavit of Indigency requesting leave to proceed *in forma pauperis* (Dkts. 2; 3; 4). Plaintiffs seek monetary and injunctive relief.

       In their complaint, Plaintiffs state that:

> Beginning on or about 08-30-04 while . . . incarcerated at the Orient Road Jail . . . . [Plaintiffs] have been and are continuing to be excluded from exercising their greatest amount of individual freedom and opportunity for pursuit of religious beliefs and practices to included [sic] the appropriate apparel including [sic] worship service study class, literary material, dietary practices, and outside field missionary teachers.

Dkt. 1 at 7-8. The Court takes judicial notice of information available at the Arrest Inquiry database, http://www.hcso.tampa.fl.us/, maintained by the Hillsborough County Sheriff's

Office, which provides arrest and booking information, and at the Florida Department Of Corrections ("DOC") Offender Information Network viewed on November 2, 2005. *See* Fed. R. Evid. 201. The information is not relied upon to determine Plaintiffs' criminal records, but rather to confirm information provided in the complaint.

Plaintiff Ross, an inmate in the Florida penal system, was not transported to the Hillsborough County Jail until February 11, 2005, when the DOC complied with a writ entered by the Thirteenth Judicial Circuit Court, *see State v. Ross*, Case No. 91-CF-005289 (Fla. 13th Jud. Cir. Ct.). On April 18, 2005, Plaintiff Ross was transferred back to DOC custody. Plaintiff Davis was arrested on August 30, 2004, on drug-related offenses (3 counts). *See State v. Davis*, Case No. 04-CF-016387 (Fla. 13th Jud. Cir. Ct. 2005). He entered a plea to possession of cocaine on July 13, 2005, and was sentenced to serve a term of one year and one day. Placed in DOC custody on July 27, 2005, Plaintiff Davis was released from prison on August 24, 2005. Plaintiff Clark was arrested on January 28, 2005, and charged with the sale of cocaine and the possession of crack cocaine. *State v. Clark*, Case No. 05-CF-001965 (Fla. 13th Jud. Cir. Ct. 2005). He was released on a surety bond on February 24, 2005. Plaintiff Clark was arrested again on March 22, 2005, and charged with three drug-related offenses. *See State v. Clark*, Case No. 05-CF-005546 (Fla. 13th Jud. Cir. Ct. 2005). Having entered a plea to the charges in Case No. 05-CF-005546, Plaintiff Clark was sentenced on July 25, 2005, to time served on Count Three and a term of 1 year and 1 day on Counts One and Two, with the sentences to run concurrently with the sentence imposed in Case No. 05-CF-001965. Plaintiffs Ross and Clark cannot assert claims against Defendants for events which occurred prior to their incarceration at the HCJ.

Plaintiff Ross is now incarcerated at the Hardee Correctional Institution, Bowling Green, Florida (Dkt. 14).  Plaintiff Clark submitted a Notice of Change of Address on August 12, 2005, stating that he is now incarcerated at the Central Florida Reception Center, Orlando, Florida (Dkt. 9). Plaintiff Davis has filed a notice of change of address stating that he is currently residing in Tampa, Florida (Dkt. 11).  Plaintiffs Ross and Clark have not demonstrated that they have received permission from the warden of either facility to correspond.  *See* Fla. Admin. Code § 33-210.101(7) (2004).

Plaintiff Davis filed a Motion for Entry of a Written Court Order for *Pro Se* Status on behalf of himself, Plaintiff Ross, and Plaintiff Clark (Dkt. 8). The only signature on the motion is that of Plaintiff Davis. Plaintiff Ross filed a Request for Entry for Default (Dkt. 12) citing Fla. Stat. § 768.28 as legal authority for the motion (Dkt. 13).  The only signature on the motion is that of Plaintiff Ross. Neither of these motions has been endorsed by the other co-plaintiffs.  The right to proceed *pro se* in the civil context is statutory.  *See* 28 U.S.C. § 1654.  It is, however, well-settled that "[a]lthough a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him.   He has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. United States,* 818 F.2d 696 (9th Cir. 1987) (citation omitted). *See also Massimo v. Henderson,* 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming dismissal of the portion of petitioner's complaint seeking relief on behalf of fellow inmates).[1]   Plaintiffs Ross and Davis lack the representative capacity to file motions and other documents on behalf of their co-plaintiff[s].  *See* Fed. R. Civ. P. 11(a) ("[I]f the party is not represented by an attorney, [every written motion and other paper] shall be signed by the party.").

---

[1]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Finally, Plaintiffs responded "no" in response to the following question: "Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof," *see* Dkt. 1 at 5. At the end of the complaint, each Plaintiff signed his name below the following statement: "I declare under penalty of perjury that the foregoing is true and correct." *Id.* at 10.  The Court takes judicial notice, *see* Fed. R. Evid. 201, of a lawsuit filed by Plaintiff Ross in this Court dealing with "similar facts." *See Ross v. Pasternek*, Case No. 8:05-CV-515-T-30MAP (M.D. Fla. 2005) (§ 1983 claim that a corrections officer violated Plaintiff Ross's First Amendment right to "practice his religious belief by participating in an approved authorized observance of the Hebrew Israelite Feast of Unleaven bread" was dismissed for failure to exhaust administrative remedies).  The instant case was filed less than one month after Plaintiff Ross filed suit against Corrections Officer Pasternek.

The Court will not tolerate incomplete or false responses and/or statements in any pleading or motion filed for consideration.  When a court cannot rely on the statements and/or responses made by litigants in pleadings executed under penalty of perjury, the quality of justice is threatened.  Here, the response to question IV(B) is false. Such lack of candor impedes and disrupts the judicial process.

A district court has authority to impose sanctions to promote judicial economy and efficiency and protect itself from abuse of the judicial process*. See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991); *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986).  The Court finds that Plaintiff Ross knowingly acted with disregard for the truth and brought false information before this Court when he filed the complaint.

Although the options it has to sanction Plaintiffs are limited at this stage of the litigation, considering the severity of the misconduct, the Court would be remiss in turning a blind eye to this matter.  "A court's time is a precious commodity of limited quantity." *Krasnow v. Navarro*, 909 F.2d 451, 454 (11th Cir. 1990).  As noted by the United States Supreme Court, "[e]very paper filed with [a court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the [c]ourt's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald,* 489 U.S. 180, 184 (1989).

Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn Plaintiffs that such responses filed in the future will not be tolerated and may result in more severe and long-term sanctions. *See* Fla. Stat. §§ 944.09; 944.278(1) ("A prisoner who is found by a court to have . . . knowingly or with reckless disregard for the truth brought false information or evidence before the court, is subject to disciplinary procedures pursuant to the rules of the Department of Corrections."); and § 944.28(2)(a) ("All or any part of the gain-time earned by a prisoner according to the provisions of law is subject to forfeiture if such prisoner . . . is found by a court to have knowingly or with reckless disregard for the truth brought false information or evidence before the court."). *See also Spencer v. Florida Dep't. of Corrs.*, 823 So.2d 752 (Fla. 2002) (rejecting plaintiff's petition for writ of mandamus seeking restoration of 120 days gain time forfeited based on federal appellate court finding that the appeal of the order dismissing plaintiff's complaint was frivolous where, when asked to indicate whether he had "initiated other lawsuits in federal court dealing with the same or similar facts involved in the present action or otherwise related to his imprisonment or conditions thereof," plaintiff indicated that

he had, but failed to list all of his prior cases). The Court further concludes that separate prosecution by each Plaintiff will avoid the logistical problems present here yet permit each Plaintiff an opportunity to vindicate his rights in court.

Plaintiffs have not shown any immediate risk of substantial or irreparable harm. Moreover, based on information provided by Plaintiffs, a delay will not unduly burden or prejudice their rights. This case will be dismissed for Plaintiffs' abuse of the judicial process in not providing the Court with true and complete factual statements that can be relied on to bring this matter to an expeditious resolution.

ACCORDINGLY, the Court **ORDERS** that:

1. The complaint is **DISMISSED**, without prejudice, for abuse of the judicial process.

2. The **Clerk** shall enter judgment accordingly, terminate all pending motions, and close this case.

3. Each Plaintiff may refile his complaint in a separate case, with a new case number, listing himself as the sole plaintiff, so long as the refiled complaint complies with the pleading requirements of the Federal Rules of Civil Procedure. The **Clerk** shall enclose a copy of the court-approved form used for filing a civil rights complaint under 42 U.S.C. § 1983 and an Affidavit of Indigency with each Plaintiff's copy of this Order.

**DONE** and **ORDERED** in Tampa, Florida on November 7, 2005.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro se* Plaintiffs

SA: jsh